DUNCAN STEELE, INC., v. LABATT

(November 17, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Isaac S. Heller, Wilbur W. Heard and Leslie Moses, of New Orleans, attorneys for plaintiff, appellant.

Edward Rightor, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The plaintiff is a corporation engaged in the real estate business, and brings this suit upon an instrument in writing addressed by the defendant to it, the purport of which was to authorize plaintiff to obtain a purchaser for defendant's property, upon certain terms and conditions therein stipulated, and agreeing that "if this offer (being the offer of prospective purchaser) is accepted I agree to pay your commission amounting to Three Hundred eighty and no/100 ($380.00) Dollars and all fees and costs

incurred in enforcing collection. The commission is earned on the signing of this agreement, and shall not be affected by any subsequent agreement of the parties hereto or by annulment of this contract by any court."

The plaintiff did procure a purchaser who was willing to purchase on the terms mentioned in the mandate, but, because of some difficulty in connection with a second mortgage on the property, the sale did not take place.

The defendant resists the plaintiff's claim upon the following grounds: First, that plaintiff was not a party to the instrument sued on; and, second, that there was a prior verbal agreement between the parties to the effect that plaintiff's commission was dependent upon the actual consummation of the sale of the property.

As to the first defense it cannot prevail for the reason that a tacit acceptance of a mandate is inferred from the mandatary acting under it. Rev. Civ. Code, art. 2988 et seq.

When evidence was sought to be introduced in support of the second defense, it was objected to on the ground that its effect would tend to contradict the contents of the written instrument sued on. This objection was overruled and the evidence is in the record. Without discussing its effect, we are of opinion that this ruling of the trial court was erroneous. The contract sued on seems perfectly clear and unambiguous, and the parol evidence offered was certainly in contradiction of its terms. A prior verbal contract declaring that plaintiff was to obtain his commission only after the consummation of the sale is in flat contradiction of the clause in the written contract that "the commission is earned on the signing of this agreement, and shall not be affected by any subsequent agreement of the parties hereto, or by annulment of this contract by any court." See 22 Corpus Juris, secs. 1459 and 1468, pages 1098 and 1110, where the parol evidence rule is well stated.

Finally, it is contended, in the alternative, that, if the plaintiff is entitled to recover, it should not be allowed more than one-half of the $380 claimed, because the contract sued on contained a clause "one half of the commission of $380.00 was to be paid by the defendant to Roy L. Calamia, Inc." It is said Roy L. Calamia, Inc., could demand of defendant one-half of the commission, and plaintiff is not entitled to judgment for more than its one-half. There is in the record an assignment from Roy L. Calamia, Inc., to plaintiff, which, it is objected, cannot be considered, because the rights of plaintiff must be determined as of the date of the filing of the suit, and not by anything that happened thereafter.

We observe from the testimony of Mr. Labatt, however, that Roy L. Calamia, Inc., was unknown to him in the transaction, and that he considered his obligation under the contract to be solely due Duncan Steele, Inc., with which company he alone had dealt in the transaction, and that, if he had paid the commission, he would have paid the whole amount to plaintiff.

Under the circumstances, we believe that judgment should be rendered in plaintiff's favor for the full amount sued for. Consequently, for the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of Duncan Steele, Inc., and against Leon L. Labatt, Jr., defendant, in the full sum of $380, with legal interest thereon from judicial demand.